THE CITY OF MARQUETTE v. CORNELIA CLEARY.

*Injuries from Improper Construction of Sidewalk.*

Where the duty to build sidewalks rests on the owner or occupant of the adjacent premises, and the performance of it is in no sense the act of the city, the city cannot be sued for injuries resulting from the plan of constructing a walk; as where a step was left at one end of it.

Error to Marquette. Submitted June 20. Decided Oct. 9.

TRESPASS ON THE CASE for damages.    The facts are in the opinion.

*Ball & Owen* (on brief) for plaintiff in error.    A city is not liable for injuries from the plan of constructing a sidewalk if authorized by the council (*Dermont v. Detroit*, 4 Mich., 435; *Larkin v. Saginaw*, 11 Mich., 88; *Dewey v. Detroit*, 15 Mich., 313; *Pontiac v. Carter*, 34 Mich., 170; *Detroit v. Beckman*, 34 Mich., 125; *Radcliff v. Brooklyn*, 4 N. Y., 195; *Griffin v. New York*, 9 N. Y., 456; Cooley's Const. Lim., 208) nor for failure to make or enforce measures to keep the walks clear of obstructions.    *Levy v. Mayor*, 1 Sandf., 465; *Goodrich v. Chicago*, 20 Ill., 445; *Murphy v. Chicago*, 29 Ill., 279; Dillon Mun. Corp., 754. And the council cannot delegate to a committee the power of determining where and how walks should be built.    *Thompson v. Schermerhorn*, 6 N. Y., 92; *East St. Louis v. Wehrung*, 50 Ill., 28; Cooley's Const. Lim., 204–5, and cases cited in n. 1 p. 205.

*John D. Cochran* (on brief) for defendant in error.

GRAVES, J.    Mrs. Cleary sued the city for a personal injury she suffered from a fall caused by a step of six inches down from one sidewalk to another, and having recovered the city asks a review of the proceedings on writ of error and bill of exceptions.

As there is no appearance for defendant in error and no explanation has been offered on her part it is not considered expedient to discuss the case upon all the views of it which may suggest themselves to the mind, or to indicate an opinion upon questions not essential to a decision of the cause.

When the case went to issue the declaration contained four special counts, but on the trial the first and second were abandoned.    The ground of action relied on must therefore be sought in the third and fourth counts or in one of them.

The essence of the charge preferred in these counts is that the city built the walk and in a manner so improper

that it amounted to a dangerous obstruction of the street, and that Mrs. Cleary being entitled to use the street and proceeding to use it in a proper mode and with due care was injured by means of such dangerous obstruction. It is impossible to make a stronger case than this on the frame of these counts, and it may be that they are construed too favorably for defendant in error. Assuming a cause of action to be alleged against the city, but without deciding the point, it becomes a vital question whether there was any evidence the jury were entitled to consider conducing to support the charge as insisted on. At the trial the counsel for the city contended there was not, and requested a charge to that effect. The court refused the request and submitted the case upon the opposite theory.

The walk where the injury occurred was one which had been recently relaid on a new grade and it was along the front of premises owned by Mr. Harlow.

The duty to build, rebuild and repair sidewalks is upon the owners and occupants of adjoining lots and not upon the city. §§ 8, 9: ch. 5 of charter, Sess. L. 1871, Vol. 2, pp. 53, 54. The city may indeed provide for doing what is required and at the expense of the premises in case the parties upon whom the duty rests fail to complete what is required within the time fixed by the common council. Id.

The duty to provide a walk at the time and place in question, if any such duty was resting on any body, was on Mr. Harlow as proprietor of the adjacent land, and in fact he caused the particular walk to be made there.

At the same time, however, he was one of the aldermen and also chairman of the committee of three on streets and bridges. But his occupancy of these positions did not make his putting down the walk to be an act of the city. The manner in which he acted and the other facts decide that such was not the character of the act. The duties of this committee were not meant to be left to conjecture or to the notions of individual members. The charter requires that they shall be prescribed by ordinance. § 4, ch. 10. No such ordinance is shown or claimed to exist, and it cannot be presumed that Mr. Harlow had plenary power and in his

individual person represented the common council in the matter.    There is no evidence of any action, prior or subsequent, by the common council in regard to the walk or any walk on that site, nor any evidence that any one except Mr. Harlow in any city office or employment had any thing to do in connection with the putting down the walk. According to the case the act was his own voluntary act as owner of the adjoining premises, and not in any correct sense, either in fact or construction of law, an act of the city through him.    There was hence no evidence to sustain the charge in the declaration that the city had *wrongfully* obstructed the street by building a walk in it in an improper manner.    This is sufficient to dispose of the case, and it is not needful to notice other points presented in the brief of counsel for the city.

The jury should have been instructed in accordance with the first request on the part of the defense, and the refusal was error for which the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.